UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY O'CALLAGHAN,

                Plaintiff,

                                                Case No. 2:09-cv-10196
v.                                                Hon. George Caram Steeh

SPX CORPORATION, a Delaware
Corporation,

                Defendant.
_____

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST AND ATTORNEY FEES (#17)**

Pending before the court is plaintiff Timothy O'Callaghan's December 7, 2009 "Motion For Prejudgment Interest and Attorney Fees." Defendant SPX Corporation filed its response on December 21, 2009. Plaintiff failed to file a reply. For the reasons stated below, plaintiff's motion will be granted in part and denied in part.

**I.   Background**

The facts of this case were set forth in this court's prior "Order Granting Plaintiff's Motion For Judgment On The Pleadings And Denying Defendant's Motion for Judgment On The Pleadings" on November 23, 2009. In that opinion, the court granted plaintiff's motion, finding defendant's decision to discontinue O'Callaghan's long-term disability benefits was arbitrary and capricious. In the present motion, O'Callaghan requests an award of prejudgment interest and attorney fees, pursuant to 29 U.S.C. § 1132(g).

**II.   Attorney Fees**

O'Callaghan argues that the court in its discretion may allow reasonable attorney fees and costs in an ERISA action. There are five factors that the court must examine

when considering an award of attorney's fees.

>A district court must consider the following facts in deciding whether to award attorney fees[:] (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

Shelby County Health Care Corp. v. Southern Council of Industrial Workers Health and Welfare Trust Fund, 203 F.3d 926, 936 (6th Cir. 2000).  Therefore the court will make findings on each factor.

### I.     The opposing party's culpability or bad faith

The decision to overturn the plan administrator's decision as arbitrary and capricious does not necessarily indicate culpability or bad faith.  Heffernan v. UNUM Life Insurance Company, 101 Fed. Appx. 99, 109 (6th Cir. 2004). The court does not find that the defendant acted with a high degree of culpability or bad faith.

The evidence before the court does not indicate that the plan administrator ignored evidence favorable to the plaintiff, namely the opinions of O'Callaghan's treating physician. Rather, the plan administrator erroneously placed more weight and credence on the opinions of its own physicians, while unreasonably discounting the opinions of Plaintiff's treating physician and a determination made by Social Security.  Although the decision was arbitrary and capricious, there is nothing to indicate it was made in bad faith.  Therefore, this factor weighs against an award of attorney fees.

### ii.     The opposing party's ability to satisfy an award of attorney's fees

It is uncontested that defendant has the ability to satisfy an award of attorney's fees.

This factor weighs in favor of an award of fees.

### iii. The deterrent effect of an award on other persons under similar circumstances

The Sixth Circuit has held that "the deterrent effect of a fee award on other plan administrators – is one that is likely to have more significance in a case where the defendant is highly culpable." Foltice v. Guardsman Products, 98 F.3d 933, 937 (6th Cir. 1996). "Honest mistakes are bound to happen from time to time, and fee awards are likely to have the greatest deterrent effect where deliberate misconduct is in the offing." Id.

There is nothing in the record to indicate deliberate misconduct on the part of the defendant. Thus, awarding attorney's fees would not have a deterrent effect. Again, this factor weighs against an award of fees.

### iv. Whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA

The court find that this factor weighs against an award of fees. This claim was resolved on facts relating to this plaintiff only. Further, there is nothing in this matter that could resolve new or significant legal questions regarding ERISA. Thus, the court's holding will not confer a common benefit to all plan participants and beneficiaries, nor will it resolve any significant legal questions.

### v. The relative merits of the parties' positions

Both parties' proffered positions that had merit. Although defendant's position was not sufficiently persuasive on the merits of this case, it certainly was not frivolous.

Accordingly, the court denies plaintiff's motion for attorney's fees.

### III.    Prejudgment interest

Even though ERISA does not require the court to award prejudgment interest to the plaintiff, it has long been recognized that the court has the discretion to award prejudgment interest according to general equitable principles. Ford v. Uniroyal Pension Plan, 154 F.3d 613, 616 (6th Cir. 1998). "An award of prejudgment interest serves to compensate the beneficiary for the lost interest value of money wrongly withheld from him or her." Hoover v. Provident Life and Accident Insurance Company, 290 F.3d 801, 810 (6th Cir. 2002) (internal citations omitted). Clearly, O'Callaghan was denied the use of his benefits and is entitled to prejudgment interest on those withheld benefits.

Federal law does not prescribe a rate for prejudgment interest; this is a matter left to the trial court's discretion. The Sixth Circuit allows the use of the 52-week Treasury Bill rate prescribed in 28 U.S.C. § 1961 for post-judgment interest ("blended rate of interest") as a guide for the calculation of prejudgment interest. Ford, 154 F.3d at 618. The blended rate of interest averages the 52-week United States Treasury Bill interest rate over the relevant time period. Caffey v. Unum Life Insurance Company, 302 F.3d 576, 585 (6th Cir. 2002).

Defendant is directed to file a document within twenty-one days setting forth for each month between April 30, 2007 to the present, the amount payable to plaintiff. The document must also contain, for each monthly payment, a calculation of prejudgment interest, using the "steam-of-benefits model" endorsed by the Sixth Circuit in Caffey at the blended rate of interest. "The stream-of-benefits model calculates the interest due on each

4

monthly payment of disability benefits beginning with the date that each payment was due."

Id.

### IV.    Conclusion

WHEREFORE, IT IS HEREBY ORDERED that plaintiff's motion for attorney's fees is DENIED. Plaintiff's motion for prejudgment interest is GRANTED.

Dated: January 20, 2010

                                       S/George Caram Steeh
                                       GEORGE CARAM STEEH
                                       UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 20, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---